# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHA M. AYCHILLHUM,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br><br><br><br><br>ROGER LEE HEARTHLY<br><br>　　　　　　　　Defendant. | CASE NO. 14CV2788-MMA (RBB)<br><br>**ORDER:**<br><br>**GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>[Doc. No. 2]<br><br>**SUA SPONTE DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>[Doc. No. 1]<br><br>**DENYING AS MOOT PLAINTIFF'S REQUEST FOR COURT TO APPOINT COUNSEL**<br><br>[Doc. No. 3] |

　　　　Plaintiff Marsha Aychillhum, proceeding pro se, has filed a complaint in federal court against Defendant Roger Lee Hearthly. *See* Doc. No. 1. Concurrently, Plaintiff filed a motion requesting to proceed *in forma pauperis* ("IFP") as well as a request for appointment of counsel. *See* Doc. Nos. 2, 3.

## MOTION TO PROCEED IN FORMA PAUPERIS

　　　　A party instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee

of $400.¹ *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

A party need not be completely destitute to proceed in forma pauperis. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). But "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). Based on the information provided by Plaintiff in support of her IFP motion, the Court **GRANTS** Plaintiff's motion to proceed in forma pauperis.

## SCREENING PURSUANT TO 28 U.S.C. § 1915(E)(2)(B)

When a plaintiff proceeds IFP, the complaint is subject to mandatory screening and the Court must order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Federal Rule of Civil Procedure 12(h)(3) permits a district court to dismiss a complaint *sua sponte* for lack of subject jurisdiction. Fed. R. Civ. P. 12(h)(3).

Federal courts have limited jurisdiction, and thus, can only hear certain types of claims that the Constitution or Congress has authorized them to adjudicate. *Kokkonen v. Guardian Life Ins. Co. Of America*, 511 U.S. 375, 377 (1994). For

---

¹ In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee for filing a civil action in district court of $50. *See* 28 U.S.C. § 1914(a) and District Court Miscellaneous Fee Schedule, note 14. However, the $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP.

example, common bases for federal jurisdiction include actions: that present a federal question (28 U.S.C. § 1331); where there is diversity of citizenship among the parties (28 U.S.C. § 1332); or based on statute that regulate specific subject matters such as civil rights, antitrust, copyright, and trademark. Therefore, "[i]t is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377.

The well-pleaded complaint rule governs whether federal jurisdiction exists. *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 9–11 (1983). The well-pleaded complaint rule is a "powerful doctrine [that] severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court . . . ." . *Id.* at 9–10. Under this rule, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Id.*; *accord Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002). In this case, Plaintiff has not established that her complaint is properly before this Court.

First, to bring an action in federal court based federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Board*, 463 U.S. at 10–11. Here, Plaintiff indicates on the civil cover sheet that jurisdiction in this Court is based on a federal question and further identifies the nature of the suit as "Other Contract." However, in looking to Plaintiff's complaint, the Court finds that a federal question is not presented on the face of Plaintiff's complaint. *See* Doc. No. 1-2. Although it is not entirely clear, Plaintiff appears to bring her complaint to recover certain funds under California law based on an "implied contract between nonmarital cohabitants." Compl. at 2. Thus, contrary to Plaintiff's assertion, the complaint does not present a claim based on federal question.

This leaves diversity of citizenship as the only available basis of jurisdiction in this Court. A federal court also has jurisdiction over an action involving citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Here, Plaintiff seeks to recover a bank account that has purportedly accumulated $21 million, which satisfies the amount in controversy requirement. However, the parties are not citizens of different states. *See* 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 76 (1996). Although Plaintiff does not include allegations of either party's citizenship in the complaint itself, she indicates on the civil cover sheet that she and Defendant are both citizens of California and residents of San Diego County. Accordingly, there is no diversity of citizenship among the parties, and the Court does not have diversity jurisdiction in this matter.

The Court finds that it lacks subject matter jurisdiction over this action. Accordingly, the Court **DISMISSES** Plaintiff's complaint for lack of subject matter jurisdiction. In light of the Court's conclusion that it lacks subject matter jurisdiction, it **DENIES as moot** Plaintiff's request for appointment of counsel.

### CONCLUSION AND ORDER

For the reasons set forth above, the Court **ORDERS** as follows:

(i)   The Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2];

(ii)  The complaint is **DISMISSED** sua sponte under 28 U.S.C. § 1915(e)(2)(B) for lack of federal subject matter jurisdiction.

(iii)  In light of the Court's finding that it lacks subject matter jurisdiction, Plaintiff's request for appointment of counsel is **DENIED as moot** [Doc. No. 3].

**IT IS SO ORDERED.**

DATED: November 24, 2014

Hon. Michael M. Anello
United States District Judge